Filed 2/28/22  P. v. Contreras CA4/1
Opinion following transfer from Supreme Court

OPINION AFTER TRANSFER FROM CALIFORNIA SUPREME COURT

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077860 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD238193) |
| ANTHONY LOPEZ CONTRERAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Reversed and remanded with directions.

Nancy E. Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Lynne G. McGinnis and Teresa Torreblanca, Deputy Attorneys General for Plaintiff and Respondent.

## INTRODUCTION

Anthony Lopez Contreras appealed from the trial court's denial of his petition filed under Penal Code[1] section 1170.95, in which Contreras sought to vacate his conviction for attempted premeditated murder and to be resentenced. This court affirmed the denial of the petition, concluding that under its express terms, section 1170.95 provided no relief for defendants convicted of attempted murder.

The California Supreme Court granted review, and remanded the matter back to this court with directions to vacate its decision and reconsider the cause in light of the newly enacted Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551) (Senate Bill 775). We requested and received supplemental briefing from the parties on the following question: "Whether Contreras is precluded from seeking resentencing under Penal Code section 1170.95, where the jury found true the allegation that the attempted murder was willful, deliberate and premeditated."

Contreras argues the case must be remanded for an evidentiary hearing and the issuance of an order to show cause. The Attorney General agrees and concedes it is unclear from the instructions given to the jury and the verdict rendered whether the jury relied on a natural and probable consequences theory of liability to convict Contreras of attempted premeditated murder, and thus, the case must be remanded. We accept the Attorney General's concession and reverse and remand the matter to the trial court with directions.

## BACKGROUND

---

[1]    All subsequent statutory references are to the Penal Code.

2

Contreras's convictions arise from his alleged involvement in a drive-by shooting. At trial, the prosecutor proceeded on the theory that Contreras was the actual shooter. However, based on Contreras's statement to police that he was the driver of the vehicle and the victim's testimony that the passenger was the shooter, the trial court instructed the jury on aiding and abetting under CALCRIM No. 401. The trial court also instructed the jury on attempted premeditated murder under CALCRIM No. 601, which provides in relevant part that "[t]he attempted murder was done willfully and with deliberation and premeditation if either the defendant or [the shooter] or both of them acted with that state of mind."

During deliberations, the jury sent out a question asking for clarification on CALCRIM 401: "Judge [¶] Per 401, Paragraph 2, does the wording 'commit THE crime' mean specifically attempted murder in this case, or ANY crime that results from the actual actions of the individual or individuals involved. [¶] For example: [¶] If a person asks his friend for a ride to 7-11 with the intent to rob it. The person goes in and shoots the clerk, is the friend guilty of aiding and abetting a shooting or just aiding and abetting the robbery."

At the prosecution's request and over the defense's objection, the trial court decided to instruct the jury with a modified version of CALCRIM No. 403 to respond to the jury's question. The trial court instructed the jury as follows:

> "A defendant may be found guilty of committing attempted murder as charged in count 1 as either a direct perpetrator or as an aider and abettor to the crime. A person may also be guilty of a crime committed by another which was a natural and probable consequence of a crime the defendant aided and abetted. The requirements for such liability are the subject of this instruction.

3

"In order to find the defendant guilty of attempted murder under a theory that the crime of attempted murder charged in count 1 was a natural and probable consequence of the crime of shooting at an occupied motor vehicle or the crime of assault with a firearm, you must first decide whether the defendant is guilty of shooting at an occupied motor vehicle or assault with a firearm.

"Under this theory of liability, to prove that the defendant is guilty of attempted murder, the People must prove: 1[.] The defendant is guilty of shooting at an occupied motor vehicle or assault with a firearm as an aider and abettor; 2[.] During the commission of shooting at an occupied motor vehicle or assault with a firearm, a co-participant in that crime committed the crime of attempted murder; and 3[.] Under all of the circumstances, a reasonable person in the defendant's position would have known the commission of the attempted murder was a natural and probable consequence of the commission of shooting at an occupied motor vehicle or assault with a firearm."

The jury ultimately convicted Contreras of attempted premeditated murder (§§ 664/187 subd. (a), 189), and shooting at an occupied vehicle (§ 246). As to both counts, the jury found the crime was committed for the benefit of a criminal street gang (§ 186.22(b)(1)) and a principal in the crime discharged a firearm (§ 12022.53(e)(1)). The jury was unable to reach a verdict on the count charging Contreras with possession of a firearm by a felon (§ 12021, subd.(a)), and found not true the allegation Contreras personally discharged a firearm (12022.53, subd. (d)). The trial court sentenced Contreras to life in prison plus 25 years to life.

In his direct appeal, Contreras argued in part that the trial court erroneously instructed the jury on the natural and probable consequence doctrine, including that his due process rights were violated for inadequate notice that the prosecution would proceed on a natural and probable consequences theory. This court rejected these contentions and affirmed

4

Contreras's convictions. (*People v. Contreras* (May 13, 2015, D064999) [nonpub. opn.].)

In 2019, Contreras filed a petition for resentencing under section 1170.95, contending that because his attempted murder conviction was obtained under a natural and probable consequences theory, the conviction should be vacated and he should be resentenced. The trial court first determined that Contreras had made a prima facie showing that he was convicted of attempted murder under the natural and probable consequences doctrine. Nevertheless, the trial court concluded that Contreras was not eligible for resentencing, since section 1170.95 at that time was not available to defendants convicted of attempted murder.

Contreras appealed, and we affirmed the denial of the resentencing petition, as Courts of Appeal at that time uniformly agreed that the resentencing procedure under section 1170.95 did not apply to attempted murder convictions. (*People v. Contreras, supra,* D077860.)

While this case was still pending, the Legislature enacted Senate Bill No. 775, which amended section 1170.95 to provide that convictions for attempted murder could be eligible for the resentencing process under section 1170.95. In response to this new legislation, the California Supreme Court remanded the case back to this court for reconsideration.

DISCUSSION

"Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842.) The bill also "added section

1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief[.]" (*Id.* at p. 843.) Pursuant to the former section 1170.95, subdivision (a), "[a] person convicted of *felony murder or murder* under a natural and probable consequences theory" may file a petition "to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts[.]" (Italics added). Following the plain language of the statute, appellate courts uniformly agreed that section 1170.95, as written at that time, did not authorize a petition to vacate an attempted murder conviction. (See *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223 [the plain terms of the former section 1170.95 do not apply to attempted murder]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 845–846 [same]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1016–1018 [same]; *People v. Larios* (2019) 42 Cal.App.5th 956, 968–970; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754 [same]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104–1105 [same].)

In Senate Bill 775, which took effect on January 1, 2022, the Legislature clarified that it intended defendants convicted of attempted murder under a natural probable consequences theory to be eligible for resentencing just the same as defendants who were convicted of murder. (Stats. 2021, ch. 551, § 2.) The new legislation amended subdivision (a) of section 1170.95 to read, in pertinent part: "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts[.]" (Stats. 2021, ch. 551, § 2.)

The ameliorative changes to section 1170.95 set forth by Senate Bill 775 apply retroactively to all cases not final on appeal as of the effective date

6

of the statute. (*People v. Vieira* (2005) 35 Cal.4th 264, 305; *In re Estrada* (1965) 63 Cal.2d 740, 744.) Because Contreras's appeal is not yet final, he is entitled to any benefits the new statute may provide.

In the order denying Contreras's petition for resentencing, the trial court found that Contreras "indisputably" made a prima facie showing that he was convicted of attempted murder under the natural and probable consequences doctrine. The trial court concluded, however, that Contreras was ineligible for resentencing because, at that time, the plain terms of section 1170.95 did not apply to defendants convicted of attempted murder.

The Attorney General does not challenge the trial court's finding that Contreras has made a prima facie that he was convicted under the natural and probable consequences doctrine, and concedes that Contreras should not be precluded from resentencing under section 1170.95. Although the jury in this case convicted Contreras of attempted premeditated murder, the Attorney General notes that the jury was not required under the instructions given to find that Contreras personally committed the attempted murder or personally premeditated. Instead, the jury was instructed that it could find the attempted murder was done willfully and with deliberation and premeditation if either Contreras or the shooter or both of them acted with that state of mind.

Because the trial court did not have the benefit of the statutory changes created by Senate Bill 775 when it ruled on Contreras's petition, and because the Attorney General concedes Contreras made a prima facie showing that he was convicted of attempted murder under the natural and probable consequences doctrine, we accept the Attorney General's concession and reverse the order denying the petition and remand for an evidentiary hearing.

DISPOSITION

The order denying Contreras's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing as required by statute. We express no opinion on the appropriate outcome of such hearing.

DO, J.

WE CONCUR:


HALLER, Acting P. J.


AARON, J.